IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOSEPH OSMOND DANIHEL** *Pro se Plaintiff* | CIVIL ACTION |
| v. | NO. 14-1330 |
| **OFFICE OF THE PRESIDENT OF THE UNITED STATES OF AMERICA,** *et al.* *Defendants* | |

NITZA I. QUIÑONES ALEJANDRO, J.                                       September 3, 2014

# MEMORANDUM OPINION

## INTRODUCTION

Before this Court are several motions to dismiss filed by the twenty-five (25) named Defendants (collectively, "Defendants")[1] pursuant to Federal Rules of Civil Procedure (Rules) 12(b)(1) and 12(b)(6), which seek the dismissal of the claims asserted against them. [ECF 5, 6, 9, 10, 14]. Plaintiff Joseph Osmond Danihel ("Plaintiff"), acting *pro se*, has opposed the motions. [ECF 15, 18]. The motions to dismiss are ripe for disposition.

For the reasons stated herein, each motion to dismiss is granted, and all claims against Defendants are dismissed for lack of subject matter jurisdiction.

---

[1] The named Defendants include the following: Office of the President of the United States of America, the United States Department of Housing and Urban Development, Office of the United States Senator of Pennsylvania, Office of the United States Senator of Pennsylvania, Offices of the United States First, Second and Thirteenth Congressional Districts of the State of Pennsylvania, the Commonwealth of Pennsylvania, the Office of the Governor of the Commonwealth of Pennsylvania, Office of the State Senator of the State of Pennsylvania Second Senatorial District, Office of the Mayor of the City of Philadelphia, the City of Philadelphia, Office of the City Council President of the City of Philadelphia, Offices of the 6th, 7th and 9th City Council Districts of the City of Philadelphia, Derek Green, the Redevelopment Authority of the City of Philadelphia, Brian Abernathy, James Cuorato, Nicholas Scafidi, Denise Smyler, Rob Dubow, Jennifer Rodriguez, and Alan Greenberger.

**BACKGROUND**

On March 5, 2014, Plaintiff filed a fifty-five (55) page complaint containing more than five hundred (500) numbered paragraphs. [ECF 1]. When construed liberally, the complaint purports to assert claims against Defendants for violating the "takings" clause of the Fifth Amendment (Count 1), the equal protection and due process clauses of the Fourteenth Amendment (Counts 2 and 3), and for discrimination under Title VI of the Civil Rights Act. In considering these motions to dismiss, this Court must accept, as true, all well-pleaded relevant and pertinent factual allegations in the complaint. These allegations are summarized as follows:

> Sometime in 1987, the City of Philadelphia and/or the Office of the Mayor of Philadelphia released a plan to demolish homes in an area commonly known as "The Logan Triangle," because the homes were sinking. (Comp. ¶¶1-3, 94). Among these slated properties was a house Plaintiff purchased in February 1991, (*Id.* at ¶¶12, 27, 46-47), located at 1038 West Wyoming Avenue, Philadelphia, Pennsylvania. (*Id.* at ¶45).
>
> Plaintiff alleges the Defendants were each aware of "The Logan Triangle" plans in 1987, but that he did not become aware of the plans until 1993. (*Id.* at ¶¶5-24, 31). In October 1993, Plaintiff reached an agreement with the "Logan Assistance Office" to vacate his property in exchange for $80,000. (*Id.* at ¶¶70-72). Plaintiff moved out of the house in February 1994 and turned over the keys to a Housing and Urban Development representative in March 1994. (*Id.* at ¶¶72-74). Sometime in 1995, Defendant City of Philadelphia ("City") sealed the 1038 West Wyoming Avenue property and demolished it in 1996. (*Id.* at ¶¶87-89).
>
> Ten years later, in 2005, Defendant City of Philadelphia Redevelopment Authority ("RDA") approached Plaintiff about purchasing the land parcel, but no agreement was reached. (*Id.* at ¶¶105-122). In December 2012, the RDA filed in the Court of Common Pleas of Philadelphia County a "Declaration of Taking" with respect to the property. (*Id.* at ¶¶139-40).
>
> Plaintiff alleges that the RDA paid other property owners in The Logan Triangle unspecified amounts of compensation for their land, but that he has not received any payment. (*Id.* at ¶¶327-329, 415, 422-23).

2

>Plaintiff also alleges that he had communications with each Defendant and/or their respective office's representative regarding the situation with the 1038 West Wyoming Avenue property, but that each Defendant failed to prevent the "taking" of this property without just compensation to him. (*Id.* at ¶¶76-86, 111-19, 129-38, 142-53, 158-76, 183-209, 211-14, 222, 224-317, 336, 345-46, 357-58, 368-69, 380, 384).

**LEGAL STANDARD**

A motion to dismiss filed under Rule 12(b)(1) challenges the existence of subject matter jurisdiction. As the party invoking this Court's jurisdiction, Plaintiff bears the burden of proving that the requisite jurisdictional requirements are met. *Development Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). "[W]hen there is a fact question about whether a court has jurisdiction, the trial court may examine facts outside the pleadings . . . '[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case.'" *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Therefore, this Court is free to consider evidence outside the pleadings to resolve any factual issue bearing on the jurisdictional issue. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded

3

facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.* To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

Even though pleadings and other submissions by *pro se* litigants are subject to liberal construction and the courts are required to accept the truth of a plaintiff's well-pleaded allegations while drawing reasonable inferences in the plaintiff's favor, *Wallace v. Fegan*, 455 Fed. App'x 137, 139 (3d Cir. 2011) (citing *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (per curiam)), a *pro se* complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

As stated and construed liberally, at Counts 1 through 3 of the complaint, Plaintiff asserts civil rights claims for monetary damages against Defendants based upon purported constitutional violations; *to wit*: the takings clause (Count 1); the equal protection clause (Count 2); and the due

4

process clause (Count 3).² Each of these constitutionally-based claims, as well as those set forth in Counts 4 through 7, is premised upon the alleged unlawful taking and demolition of the 1038 West Wyoming Avenue property without just compensation to Plaintiff. As asserted, each of Plaintiff's claims arises under the just compensation clause of the Fifth Amendment,³ which has been made applicable to States through the Fourteenth Amendment. *See Kelo v. City of New London, Conn.*, 545 U.S. 469, 472 (2005). The just compensation clause provides that: "private property [shall not] be taken for public use, without just compensation." U.S. Const. amend. V.

In their motions to dismiss, Defendants argue that each of Plaintiff's claims premised on the unlawful taking of the 1038 West Wyoming Avenue property without just compensation to him must be dismissed for lack of subject matter jurisdiction. Specifically, Defendants contend that Plaintiff's claims, as alleged, are not jurisdictionally "ripe" because Plaintiff has failed to allege that he had sought compensation through Pennsylvania's Eminent Domain Code prior to commencing this action in federal court. This Court agrees.

Because "a case and controversy is a prerequisite to all federal actions," a claim must meet the ripeness doctrine, which "determines when a proper party may bring an action." *Philadelphia Fed'n of Teachers v. Ridge*, 150 F.3d 319, 322-23 (3d Cir. 1998). "The ripeness doctrine serves 'to determine whether a party has brought an action prematurely and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and

---

² Though Plaintiff makes no reference to either 42 U.S.C. §1983 ("§1983") or *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) ("*Bivens*"), this Court will construe Plaintiff's claims as having been asserted thereunder, since they provide the only civil remedy for alleged constitutional violations committed by state actors (§1983 claims) or federal actors (*Bivens* claims).

³ Regardless of how Plaintiff has denominated his claims, they all implicate and/or are premised upon Defendants' failure to provide him just compensation for his property.

prudential requirements of the doctrine.'" *County Concrete Corp. v. Township of Roxbury*, 442 F.3d 159, 164 (3d Cir. 2006) (citations omitted).

In the context of a Fifth Amendment taking, the Supreme Court held that a takings claim is not ripe until "(1) 'the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue,' (the "finality rule"), and (2) the plaintiff has unsuccessfully exhausted the state's procedures for seeking 'just compensation,' so long as the procedures provided by the state were adequate." *Id.* at 164 (quoting *Williamson County Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985)). The ripeness requirements apply equally to a plaintiff's due process and equal protection claims which arise out of the same alleged unlawful taking. *See County Concrete*, 442 F.3d at 164, 168; *Taylor Investment, Ltd. v. Upper Darby Twp.*, 983 F.2d 1285, 1292-95 (3d Cir. 1993) (relying on *Williamson* decision to affirm dismissal of plaintiff's due process and equal protection claims for lack of ripeness); *First Avenue Realty, LLC v. City of Asbury Park*, 2013 WL 5913659, *6 (D.N.J. Oct. 31, 2013) (dismissing takings claim and due process claim for lack of ripeness where plaintiff had not availed itself of available state remedies); *Munoz v. City of Philadelphia*, 2006 WL 328346, at *6 (E.D. Pa. Feb. 10, 2006) (granting motion to dismiss and holding that plaintiffs could not bring due process claims "[u]ntil plaintiffs complete the process of seeking relief under the Pennsylvania Eminent Domain Code."). "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson* at 195; *see also Cowell v. Palmer Twp.*, 263 F.3d 286, 290 (3d Cir. 2001).

6

The Third Circuit has repeatedly held that Pennsylvania's Eminent Domain Code, 26 Pa.C.S. §101-116, provides property owners adequate due process for obtaining just compensation. *See e.g., Chainey v. Street*, 523 F.3d 200, 222-223 (3d Cir. 2008) ("Pennsylvania provides adequate process for plaintiffs to obtain just compensation" after a taking, and thus, "takings claims are not ripe [if] plaintiffs never pursued their takings clause claims in state court."); *Cowell*, 263 F.3d at 290 (affirming dismissal of plaintiffs' takings claims because plaintiffs had not availed themselves of the available state procedures); *see also Coles v. City of Philadelphia*, 145 F. Supp.2d 646, 652 (E.D. Pa. 2001), *aff'd*, 38 F. App'x 829 (3d Cir. 2002) ("the Eminent Domain Code fully protects the rights of the property owner and guarantees to him the constitutional safeguards to which he is entitled, including appropriate appellate review."); *Frempong-Atuahene v. Redevelopment Authority of the City of Philadelphia*, 1999 WL 167726, at *3 (E.D. Pa. March 25, 1999) (dismissing takings claims for lack of subject matter jurisdiction where plaintiff had not fully availed himself of available state procedures under the Eminent Domain Code).

In light of this cited case law, a plaintiff cannot pursue a takings claim in federal court until he has fully availed himself of the remedies available under the Eminent Domain Code. *See County Concrete*, 442 F.3d at 168 (holding that a "plaintiff must have exhausted [state court] procedure[s] in order for his or her Takings claim to be ripe for federal adjudication."); *Munoz*, 2006 WL 328346, at *5 ("Until a property owner has unsuccessfully attempted to obtain just compensation through the State's procedures, a Fifth Amendment takings claim is not ripe for adjudication."). Here, Plaintiff has not alleged any facts to show that he utilized the procedures available to him pursuant to the Eminent Domain Code. As such, Plaintiff has failed to meet his

burden with regard to this Court's jurisdiction over his claims. Therefore, all of Plaintiff's taking claims are dismissed for lack of jurisdiction as to Defendants.

Since all of Plaintiff's claims are premised on the unlawful taking of property without just compensation and are being dismissed for lack of subject matter jurisdiction, this Court does not need to address Defendants' remaining grounds for dismissal. *See Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) ("Ordinarily, a court must assume jurisdiction over a case before deciding legal issues on the merits."). Notwithstanding, because this Court finds that Counts 4 through 7 fail as a matter of law, these will be briefly addressed separately.

*Count 4*

In Count 4 of the complaint, Plaintiff purports to assert a claim or request for "trial by jury before significant loss of property rights" because he "never received a trial by a jury of his piers [sic]." (Comp. at p. 42). Plaintiff appears to base this claim on a belief that he should have been provided a jury trial with regard to the alleged taking of his property. It is well-settled, however, that "there is no constitutional right to a jury in eminent domain proceedings." *United States v. Reynolds*, 397 U.S. 14, 18 (1970). Therefore, the claim asserted in Count 4 is dismissed, with prejudice.

*Count 5*

At Count 5, Plaintiff asserts a discrimination claim against Defendants under Title VI of the Civil Rights Act. Title VI prohibits discrimination on the basis of race, color, and national origin in programs and activities receiving federal financial assistance. *See* 42 U.S.C. §2000d, *et seq*. In order to state a claim under Title VI, a plaintiff must "plead facts that would support an inference of discrimination" and must "allege that he was treated differently from similarly situated [persons] who are not members of a protected class." *Osei v. La Salle Univ.*, 493 F.

App'x 292, 295-96 (3d Cir. 2012). Here, while Plaintiff alleges that other homeowners in The Logan Triangle received more favorable treatment in the form of compensation than he, Plaintiff pleads no facts from which one could infer that the disparate treatment occurred because of his race or that the other homeowners were not members of a protected class. As such, Plaintiff's complaint fails to plausibly show that he suffered discrimination, as required under Title VI. *See Lavalliere v. City of Philadelphia*, 2012 WL 2500980, at *4 (E.D. Pa. June 29, 2012) (dismissing Title VI claim for failure to plead sufficient facts). Therefore, Plaintiff's Title VI claim (Count 5) is dismissed as to all Defendants.

### Count 6

At Count 6, Plaintiff alleges that Defendants infringed on his "inalienable right to pursue happiness." (Comp. at p. 44). While mankind strives for happiness, no such right or claim exists. *See e.g., Coulter v. Studeny*, 2012 WL 4857794, *7 (W.D. Pa. 2012) ("[N]either the federal Constitution nor its amendments guarantee a generalized right to the pursuit of happiness."); *Coffey v. United States*, 939 F.Supp. 185, 191 (E.D.N.Y. 1996) ("Although the Constitution provides many important protections, a specific guarantee for the pursuit of happiness is not among those granted by the Constitution or its amendments."). Accordingly, Count 6 is dismissed, with prejudice.

### Count 7

At Count 7, Plaintiff asserts a claim for "legal and professional malpractice." (Comp. at p. 43). While such a claim exists under state law where a lawyer or other professional owes a duty to a plaintiff client, Plaintiff has not alleged facts to support the requisite attorney-client or other professional relationship between him and the Defendants. *See Diaconu v. Skyline Transp.*, 514 F. App'x 94, 96 (3d Cir. 2013) (under Pennsylvania law, "a legal malpractice claim

is only available where there is an attorney-client relationship."). Therefore, Plaintiff's claim under Count 7 lacks merit and is dismissed, with prejudice.

*Leave to Amend*

Although the Third Circuit has directed district courts to ordinarily provide a civil rights plaintiff an opportunity to file an amended complaint where the original complaint is subject to dismissal, *see Phillips*, 515 F.3d at 245 (reiterating the rule that leave to amend must be granted *sua sponte* in civil rights actions, "unless such an amendment would be inequitable or futile."), it is this Court's view that any such attempt to amend the complaint here would be legally futile. This Court has dismissed Plaintiff's civil rights claims against Defendants because Plaintiff has failed to avail himself of the available state remedies that must be exhausted before this Court can exercise jurisdiction over Plaintiff's claims. It is, therefore, this Court's opinion that any attempt to amend the complaint would be futile.

**CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss are granted. An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.